FILED
2017 Jul-07 AM 11:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BEVERLY SPENCER, | ) |
| Plaintiff, | ) |
| vs. | ) 7:16-cv-01334-LSC |
| JONATHAN BENISON, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION AND ORDER**

Plaintiffs Beverly Spencer ("Spencer"), C.B.S. Properties, LLC ("CBS"), and B&V Wrecker Service, Inc. ("B&V") (collectively, "Plaintiffs") bring this action against Defendants Jonathan Benison ("Benison"), in his individual capacity and in his official capacity as Sheriff of Greene County; D.R.E.A.M., Inc. ("DREAM"); Belle Mere Properties, LLC ("Belle Mere"); Accuity Capital Group, LLC ("Accuity"); Bernard Gomez ("Gomez"); and Che' D. Williamson ("Williamson") (collectively, "Defendants"), alleging claims under 42 U.S.C. § 1983 and state law. All claims relate to a property dispute between Plaintiffs and the non-governmental Defendants. Before this Court is Williamson's motion to

dismiss.[1] (Doc. 29.) For the reasons explained more fully herein, the motion is due to be denied.

## I.   BACKGROUND[2]

The factual circumstances of this case, as alleged in the complaint, are described in detail in this Court's previous Memorandum of Opinion and Order. (Doc. 33.) Only the allegations specifically relating to Williamson are repeated here.

Williamson, Belle Mere's manager, negotiated on behalf of Belle Mere to purchase Plaintiffs' land in Greene County, Alabama, on April 1, 2011. Belle Mere then leased this property to Accuity, another entity managed by Williamson, and Accuity permitted DREAM to operate a bingo gambling facility on the property. Over the next several years, Plaintiffs were involved in a series of disputes with Belle Mere, Accuity, and DREAM related to the property line between the land Plaintiffs continued to own and the land sold to Belle Mere in April 2011. The boundary disputes were the subject of several lawsuits filed by both Plaintiffs and

---

[1] Williamson moves this court to dismiss Plaintiffs' claims against her under Fed. R. Civ. P. 12(b)(6) and 12(c). (Doc. 29 at 1.) A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is "a nullity" if the party files the motion after filing an answer raising the same defense. *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001), *overruled on other grounds*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). Such a motion is properly filed as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Id.* at 1096 n.46. Because Williamson filed her answer (Doc. 28) prior to filing the motion to dismiss (Doc. 29), the motion to dismiss will be addressed only under Fed. R. Civ. P. 12(c).

[2] "In determining whether a party is entitled to judgment on the pleadings, [this Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and . . . view[s] those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

Defendants. The bankruptcy court adjudicating Belle Mere's Chapter 11 bankruptcy petition made a final determination of the property line in an order dated May 20, 2014. Plaintiffs allege that despite this, Williamson, Gomez, Belle Mere, Accuity, and DREAM crossed the boundary line to construct a road and trespassed on Plaintiffs' land.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is due to be granted if "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez*, 774 F.3d at 1335. If a material dispute of fact is found to exist, "judgment on the pleadings must be denied." *Id.*

Where, as here, the defendant argues that the plaintiff's complaint fails to state a claim for relief on its face, review of the complaint is guided by the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). Thus, the complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

### A. Personal Liability for Acts of Belle Mere

Williamson argues that Plaintiffs' claims against her are due to be dismissed because Texas[3] law shields her from personal liability for torts committed by Belle Mere. Under Texas law, a member or manager of a limited liability company ("LLC") "is not liable for a debt, obligation, or liability" of that company "[e]xcept as and to the extent the company agreement specifically provides otherwise." Tex. Bus. Orgs. Code Ann. § 101.114. This statutory protection is not absolute, however. *See Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 571 (Tex. App. 2017). The plaintiff may "pierce the corporate veil" of an LLC to hold a member or manager personally liable by showing that the LLC "was used for the purpose of perpetrating, and did perpetrate, an actual fraud for the member or manager's direct personal benefit." *Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co.*, 410 S.W.3d 889, 896 (Tex. App. 2013). To the extent that Plaintiffs seek to hold Williamson personally liable for Belle Mere's actions solely because

---

[3] In the supplemental briefs requested by this Court, the parties agree that Belle Mere was formed in Texas and that Texas law governs the issue of Williamson's liability as a member or manager of Belle Mere. *See* Ala. Code § 10A-5A-1.05(b)(2).

she is a member or manager of Belle Mere, Texas law does not provide for such liability. *See* Tex. Bus. Orgs. Code Ann. § 101.114. Further, Plaintiffs do not allege that Belle Mere was Williamson's alter ego or that Belle Mere was used to perpetrate a fraud on Plaintiffs for Williamson's benefit and thus do not proceed on a "piercing the corporate veil" theory of liability.

Plaintiffs alternatively contend that because Belle Mere's status as a business entity was "forfeited" prior to the events alleged in the complaint, Williamson is personally liable for any debts incurred by Belle Mere after the forfeiture. Texas law provides that an LLC's corporate privileges may be forfeited if the LLC does not pay the state's franchise tax. Tex. Tax Code Ann. § 171.251(2). In the event that such privileges are forfeited, "each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the [franchise tax] is due and before the corporate privileges are revived." Tex. Tax Code Ann. § 171.255; *see Hovel v. Batzri*, 490 S.W.3d 132, 136 (Tex. App. 2016) (stating that § 171.255 applies to LLCs). However, this statute applies only to acts undertaken within the state of Texas because the debt must be "created or incurred *in this state*" after forfeiture. Tex. Tax Code Ann. § 171.255 (emphasis added); *see also Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 251 (Tex. App. 2005) (stating that § 171.255 "is a revenue

measure, the purpose of which is to enforce collection of Texas franchise taxes," which "are taxes on the privilege of transacting business *within Texas*" (emphasis in original)). The events giving rise to Plaintiffs' causes of action are all alleged to have occurred in Greene County, Alabama; therefore, § 171.255 does not provide a basis for Williamson's personal liability to Plaintiffs. *See* Ala. Code § 10A-1-7.21(d) ("The liability of an owner or owners of a foreign entity is governed by the laws of the state or other jurisdictions where it is organized, and any limitations on that liability are not waived solely by reason of having transacted business in Alabama without registration."). Thus, to the extent that Plaintiffs seek to impute Belle Mere's potential liability to Williamson solely because Williamson is a current or former member or manager of Belle Mere, Williamson has no such liability.

However, Williamson may be individually liable to Plaintiffs for *her own* tortious conduct, even if she purported to act on Belle Mere's behalf at the time of such conduct. An individual's status as a business entity's agent does not shield him from personal liability for torts that he personally commits, "regardless of the capacity in which that person acts." *Inter-Connect, Inc. v. Gross*, 644 So. 2d 867, 869 (Ala. 1994).[4] Plaintiffs allege that Williamson was personally involved in the

---

[4] As the location where the tortious conduct allegedly occurred, Alabama's tort law governs this issue. *See Ex parte U.S. Bank Nat'l Ass'n*, 148 So. 3d 1060, 1069 (Ala. 2014); *see also* Ala. Code § 10A-5A-1.05(b)(2) ("The law of the state or other jurisdiction under which a foreign limited liability company is formed governs . . . the liability of a member *as a member* for the debts,

trespass on their property and the conspiracy with Benison. While many, if not all, of the allegations in the complaint are generally applicable to all Defendants, Plaintiffs list Williamson by name and allege, among other facts, that she "trespassed on to Plaintiffs' land with bulldozers" and "started building [a] road" on Plaintiffs' property. Although the evidence may reveal that Williamson did not personally engage in these acts, this Court is required to accept the complaint's allegations as true in ruling on the present motion, and any dispute of material fact is grounds for denying judgment on the pleadings. *Perez*, 774 F.3d at 1335. Accordingly, the issue of Williamson's "knowing[] participat[ion]" in the acts alleged in the complaint is more appropriately decided after the close of discovery in a motion for summary judgment or at trial. Williamson's motion to dismiss is due to be denied on this basis.

### B. Liability on § 1983 Claims

Williamson also contends that she cannot be held liable with regard to Plaintiffs' § 1983 claims because she is a private citizen. Count I of the complaint does not state a § 1983 claim against Williamson because the allegations speak only

---

obligations, or other liabilities of a foreign limited liability company . . . ." (emphasis added)). However, this distinction is of no moment because the result is the same under Texas law. *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 201 (Tex. App. 2014) ("A corporate officer who knowingly participates in tortious or fraudulent acts may be held individually liable to third persons even though he performed the act as an agent of the corporation."); *see Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App. 2008) (applying this principle to LLC).

to Benison. However, Count II alleges that Williamson conspired with Benison to violate Plaintiffs' constitutional rights. Liability under § 1983 is premised on a defendant's "acting under color of state law," and a private actor "can be held liable in a § 1983 action if [she] act[s] in concert with . . . state officials in depriving a plaintiff of constitutional rights." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). "A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). Although "[f]actual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence," the plaintiff must nonetheless plead facts showing that "the defendants 'reached an understanding' to violate the plaintiff's constitutional rights." *Id.*

Assuming without deciding that Plaintiffs' constitutional rights were violated by Defendants' actions, the complaint alleges sufficient facts to show that Defendants "reached an understanding" to act. Plaintiffs claim that Benison amended the county's bingo regulations to provide that licensing fees for bingo facilities would be paid to the sheriff's office, rather than to the county commission. Plaintiffs further allege that the non-governmental Defendants operated a bingo gambling facility on the land Plaintiffs sold to Belle Mere and that

Defendants crossed the property line to construct a road leading to the bingo facility. According to Plaintiffs, Benison "sided with Defendants on all disputes that arose from" the alleged trespass to build the road because he "received funds from Defendants as long as Defendants were operating the bingo hall." He also allegedly referred to the bingo hall's customers as "his customers." At this stage, these facts are sufficient to suggest the existence of a conspiracy, and Williamson's motion to dismiss is due to be denied on this basis. However, this ruling does not preclude Defendants from arguing at a later point in the proceedings when the facts are more fully developed that no understanding was reached or that no conspiracy existed, nor does it prevent Williamson from contending that she was not personally involved in any conspiracy to violate Plaintiffs' rights.

## IV. Conclusion

For the reasons stated herein, Williamson's motion to dismiss (Doc. 29) is hereby DENIED.[5]

**DONE** AND **ORDERED** ON JULY 7, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
186289

---

[5] Because the documents attached to Williamson's supplemental response in support of her motion to dismiss (Doc. 34) added no information for this Court's consideration outside of the facts alleged in the complaint, this Court excluded the evidence from its consideration of Williamson's motion to dismiss. Accordingly, Plaintiffs' motion to convert the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) (Doc. 36) is DENIED.